Case 2:19-cv-00353 Document 149 Filed on 03/04/21 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MICHAEL LEWIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-353 |
| § | |
| SHAFER PROJECT RESOURCES, INC., § | |
| § | |
| Defendant. § | |

## ORDER ON DISCOVERY OF TAX RETURNS

United States Magistrate Judge Jason B. Libby entered an order (D.E. 136) granting Defendant Shafer Project Resources, Inc.'s (Shafer's) Motion to Compel (D.E. 131). The order requires Plaintiffs, Michael Lewis and his conditionally certified class (collectively Lewis) to produce state and federal income tax returns for the three years for which damages are sought. Before the Court is Lewis's objection (D.E. 137), claiming that the Magistrate Judge committed four errors in arriving at his conclusions. Also before the Court are Shafer's response (D.E. 142) and Lewis's reply (D.E. 144). For the reasons set out below, the Court takes the matter UNDER ADVISEMENT and RECOMMITS the matter to the Magistrate Judge for further proceedings and reconsideration.

## NATURE OF THE DISPUTE

Lewis filed this FLSA case as a collective action of employees under 29 U.S.C. § 216(b), seeking unpaid overtime wages. D.E. 1. Shafer requested the production of Lewis's tax returns or signed authorizations by which Shafer could obtain Lewis's tax

returns directly from the taxing authorities. Lewis objected to the production request and withheld the tax returns. In relevant part, he claims that the tax returns are outside the scope of discovery because they are irrelevant and would not lead to admissible evidence. He also claims that the request is overly burdensome and not proportional to the needs of the case. D.E. 131, p. 4. He points out, specifically, that this is not an independent contractor case, distinguishing it from the context in which other FLSA cases have required the production of income tax returns for the purpose of applying the economic realities test. *Id*.

The Magistrate Judge granted Shafer's motion to compel, finding that the tax returns are relevant to Lewis's credibility and to his damages, specifically referencing whether Lewis actually could have worked the overtime hours he claims and whether expense reimbursements should be considered in calculating the regular rate of pay.[1] D.E. 136. The Magistrate Judge further found that Lewis had not met his burden to show that the information is available through other reliable sources or that production would be unduly burdensome. *Id*. He also found that the request was not overly broad as limited to the time period for which damages were sought and that any confidentiality issues were adequately addressed by the protective order entered in this case. *Id*.

Lewis now appeals the order to produce tax returns. D.E. 137, p. 1.

---

[1] Shafer also argued that the tax returns were relevant as aids in determining whether the class was guaranteed work days each week they received their respective day rates and for determining applicability of FLSA exemptions, such as whether the class performed work that was nonmanual versus manual in nature, as well as whether the class engaged in supervisory roles and/or were otherwise required to exercise judgment and discretion. D.E. 131, p. 6. However, Shafer's motion does not articulate any nexus between these issues and the information contained in tax returns. Rather, they appear to be advanced only to highlight the importance of credibility. The Court construes the Magistrate Judge's omission of these claims as an appropriate rejection of any argument that they represent independent relevancy issues.

**DISCUSSION**

1.   **Materiality of Issue of Regular Rate**

Shafer raised the issue regarding expenses being included in the regular rate in its motion. D.E. 131, p. 5-7. In particular, it wrote:

> Shafer is additionally entitled to the production of individual tax returns inasmuch as such tax returns shall constitute clear and convincing evidence whether the individuals comprising the Class claimed as either an expense or compensation payments made by Shafer to them in the form of a truck allowance, mileage reimbursement, and/or the reimbursement of other expenses. As earlier referenced, "other damages" are being sought, albeit in a form somewhat unspecified. Indeed, the individuals comprising the Class may be attempting to include such allowances and reimbursement as "compensation" when determining both an individual's regular rate of pay and overtime rate of pay.

D.E. 131, pp. 6-7. Lewis responded to the argument in a footnote, stating:

> Shafer urges plaintiffs' tax documents are relevant because plaintiffs "may be attempting to include such allowances and reimbursement [compensation Shafer theorizes plaintiffs *could* have excluded from their tax filings] as 'compensation' when determining both an individual's regular rate of pay and overtime rate of pay." Doc. 131 at 7. **But plaintiffs do not allege Shafer violated the FLSA by committing regular rate violations; they claim only that Shafer misclassified them as exempt employees and failed to pay them overtime (instead paying them a day-rate).** *See* Doc. 1. To the extent Shafer did not understand the allegations in Lewis's Complaint, it could have sought clarification through a timely filed Rule 12(b)(6) or Rule 12(e) motion. But it didn't.

D.E. 132, p. 3 n.1 (bold emphasis added).

Lewis argues now—as he did in his response footnote—that his complaint does not raise any issue regarding the computation of the regular rate. Shafer's only argument

that it does raise the issue is based on the complaint's admittedly vague reference to "other damages" and Lewis's interrogatory responses addressing truck allowances, mileage expenses, and general expense reimbursements. At any rate, Lewis's response disclaimed any intention to challenge the regular rate based on the consideration of these expenses.

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8. And a plaintiff is generally considered the master of his complaint. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Therefore, this matter needs to be resolved by a pleading amendment or other stipulation binding Lewis to his representation that he does not seek to challenge the regular rate based on any reimbursement of expenses. The Court, pursuant to 28 U.S.C. § 636(b)(1), recommits the matter to the Magistrate Judge to resolve the matter of whether this issue remains in the case and, if eliminated, whether the balance of interests changes with respect to the production of tax returns.

### 2. Failure to Satisfy Burden:  Alternative Sources

Lewis also argues that the Magistrate Judge erred in failing to credit his evidence and arguments regarding the availability of other less burdensome sources to provide the information sought through the income tax returns. In particular, Lewis relied on the statutory requirement that an employer keep records of the hours its employees worked, citing 29 U.S.C. § 211(c), 29 C.F.R. § 516 *et seq.*, and D.E. 137-1 (internal page:lines: 63:24-64:4; 123:23-124:8). For the first time in his reply, Lewis suggests—through the citation of additional cases—that alternative sources include IRS Form 1099s and W-2s issued to Lewis by contractors or employers other than Shafer. D.E. 144, pp. 7-8.

Because this argument was not first presented to the Magistrate Judge, and because the Court is recommitting the matter to the Magistrate Judge for other purposes as well, the Court instructs the Magistrate Judge to consider Lewis's evidence of alternate sources relevant to the number of hours worked when balancing the interests relevant to the production request. The Court further requests express findings regarding the basis for Shafer's concern that Lewis may be working other jobs that preclude the number of overtime hours claimed to distinguish this inquiry from a "fishing expedition."

## CONCLUSION

For the reasons stated above, the Court takes the appeal UNDER ADVISEMENT pending the Magistrate Judge's determination of whether the regular rate remains an issue supported by Lewis's pleadings, whether Shafer has a reason to question Lewis's capacity to work the overtime hours claimed, and whether the balance of all interests still supports production of income tax returns as requested.

ORDERED this 4th day of March, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE