Case 2:19-cv-00353   Document 204   Filed on 08/04/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-353 |
| | § | |
| SHAFER PROJECT RESOURCES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendant Shafer Project Resources, Inc.'s ("Shafer") Motion to Dismiss to which Plaintiffs have responded and Shafer has replied. (D.E. 197; D.E. 201 and D.E. 202). This case has been referred to the undersigned for pretrial management pursuant to 28 U.S.C. § 636. For the reasons stated below, the undersigned **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**. (D.E. 197).

### I.   BACKGROUND

Plaintiffs filed this collective action for overtime pay pursuant to the Fair Labor Standards Act ("FLSA") against their employer, Shafer. In September 2020, the parties, after multiple disputes requiring Court assistance, agreed to a Representative Discovery Plan which provided for the selection of 14 representative plaintiffs, seven selected by Plaintiffs and the same number by Shafer as well as named Plaintiff Michael Lewis. (D.E. 119). As part of this Order, it states that "[i]f any representative plaintiff refuses to participate in discovery, that plaintiff is subject to dismissal from the case by Order of

this Honorable Court." (D.E. 119, Page 1). On October 19, 2020, Plaintiffs selected, in relevant part, Brenton Hatcher ("Hatcher") and Shafer selected Dale Totten ("Totten"). (D.E. 197, Page 3). Later, after two other selected representative plaintiffs voluntarily withdrew from this action, Shafer selected Terry Albee ("Albee") as a replacement representative plaintiff on December 23, 2020. (D.E. 123 and D.E. 197, Page 3). (D.E. 197-1; D.E. 197-2 and D. 197-3). The parties do not dispute that Hatcher, Albee and Totten all failed to appear at both their scheduled and rescheduled depositions via Zoom in May 2021. (D.E. 197, Pages 3-4; D.E. 197-1 to D.E. 197-6; and D.E. 201, Pages 2-3). In early June 2021, the undersigned determined three replacement representative plaintiffs should be selected and deposed, one selected by Plaintiff to replace Hatcher and two selected by Shafer to replace Albee and Totten. (D.E. 183; D.E. 186, Pages 11-16; D.E. 191 and D.E. 196). Subsequently, Hatcher contacted Plaintiffs' counsel to reschedule his deposition and he was deposed on June 22, 2021, after recovering from the COVID-19 virus. (D.E. 191, Page 6; D.E. 200 and D.E. 201, Page 2). As a result, Shafer selected two replacements and they were later deposed on July 12 and 14, 2021, respectively. (D.E. 201-3 and D.E. 201-4).

Albee and Totten have not been responsive to Plaintiffs' counsel in recent months. (D.E. 191, Pages 5-6; D.E. 197, Pages 3-4; D.E. 197-4, Pages 8-9). As of June 10, 2021, after both failed to appear at their respective scheduled and rescheduled depositions, Plaintiffs' counsel indicated they had been unable to contact Albee and Totten, stating:

> Class counsel does agree that if someone abandons their claim, they will be dismissed. However, we do not know if these individuals have abandoned their claims. In fact, we do know that Representative Plaintiff Hatcher has

> not abandoned his claim. After business hours on June 9, 2021, Class Counsel received an email from Representative Plaintiff Hatcher stating he is suffering from the COVID-19 virus, which was his reason for ceasing communications with Class Counsel. Defendant's swift and thoughtless demand that the 3 Representative Plaintiffs be dismissed with prejudice is premature. Class Counsel has not yet established contact with the 2 remaining Representative Plaintiffs but is continuing to attempt to do so.

(D.E. 191, Pages 5-6).

In the pending Motion to Dismiss, Shafer asserts Albee and Totten should be dismissed for failing to fully participate in discovery. (D.E. 197 and D.E. 202). The parties agree Hatcher, having submitted to a deposition and having provided written discovery, is no longer subject to dismissal. (D.E. 200 and D.E. 201, Page 2). Plaintiffs assert Albee and Totten have participated in written discovery and therefore, they should not be subject to dismissal even though they failed to appear for their depositions because replacement representative plaintiffs were selected and deposed. (D.E. 201).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(b) enables a defendant to move for sanctions when a party "fails to obey an order to provide or permit discovery." Available sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). A district court has the discretion to determine which sanctions are appropriate under Rule 37 and may dismiss a case with prejudice as a sanction for violating a discovery order when: "(1) the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation must be attributable to the client instead of the attorney; (3) the violating party's

misconduct must substantially prejudice the opposing party's preparation for trial; and (4) a less drastic sanction would [not] substantially achieve the desired deterrent effect." *Oprex Surgery (Baytown), L.P. v. Sonic Auto. Emp. Welfare Benefit Plan*, 704 F. App'x 376, 378 (5th Cir. 2017) (citation omitted). Dismissing a complaint with prejudice is a drastic remedy that a district court should apply only in extreme circumstances. *Id*.

Rule 41(b) of Federal Rule of Civil Procedure governs the involuntary dismissal of actions and provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

While dismissal is a harsh sanction, it is appropriate if a "clear record of delay or contumacious conduct by the plaintiff" exists and "lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (citations omitted). Favoring lesser sanctions such as fines or dismissal without prejudice, the Fifth Circuit has affirmed 41(b) dismissals where there is at least one of three aggravating factors: "(1) delay attributable to the plaintiff, not to his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct." *Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (citation omitted); *Price*, 792 F.2d at 474 (citation omitted).

### III. ANALYSIS

Shafer moves to dismiss the claims of Albee and Totten under Federal Rules of Civil Procedure 41 and 37. For the reasons stated below, the undersigned finds Plaintiffs' arguments and cited authority unpersuasive and recommends dismissal is appropriate under either Rule.

There is a clear record of both delay and contumacious conduct by both Albee and Totten.  Other than filing their respective consents and responses to written discovery in the beginning of this year, neither has recently participated in this litigation as required. Both failed to appear at two scheduled depositions in May 2021 without providing sufficient notice or, apparently, any reason.  Further, it appears they have not been in contact or responsive to their own counsel for several months despite their counsels' repeated requests as Plaintiffs' counsel has still not provided the Court with any reason for their clients' failure to appear or provided any indication they have recently been in contact with either Albee or Totten.  Additionally, because of Albee and Totten's conduct, the Court had to order the selection of replacement representative plaintiffs and extend the dispositive motions deadline, further delaying this case. (D.E. 196).  Also, as part of the agreed Representative Discovery Plan, Shafer was entitled to select both Albee and Totten and by their failure to participate in depositions, Shafer was denied their first-choice selections, even having chosen and deposed replacement representative plaintiffs. Additionally, Shafer spent additional resources and time having to set and reset depositions, having to select replacement representative plaintiffs which included conferring with Plaintiffs' counsel and arguing multiple issues before the undersigned, and having to prepare this Motion.

Albee and Totten's "lack of responsiveness indicates that lesser sanctions would be inadequate." *Fraser v. Patrick O'Connor & Assocs., L.P.*, No. 4:11-cv-3890, 2016 WL 4159753, at *4 (S.D. Tex. Aug. 4, 2016). Plaintiffs' counsel was unable to secure their appearances at scheduled and rescheduled depositions, despite the warning from the Court and presumably from their own counsel that their failure to participate could subject their claims to dismissal. After they failed to appear for their depositions, Plaintiffs' counsel was unable to communicate with either plaintiff to reschedule or at least was unable to do so in a timely manner. The undersigned notes these depositions were scheduled to take place remotely via Zoom and therefore, neither Albee nor Totten were required to travel to participate. (D.E. 197-1, and D.E. 197-3). Further, the extended dispositive motions deadline expired on July 29, 2021 and the trial is set for October 2021. (D.E. 140 and D.E. 196). The parties have been in litigation for over two years and there are over 200 docket entries in this case. (D.E. 1; D.E. 5; D.E. 12 and Case No. 2:19-cv-186). Therefore, issuing an order to compel Albee and Totten to appear for depositions is an insufficient remedy at this point.

However, given the two-week objections period to this Memorandum and Recommendation, if both Albee and Totten communicate with their counsel, provide sufficient reasons for their failures to appear and to respond to their counsel and schedule and appear at their respective depositions via Zoom during this time, the undersigned may reconsider this M & R, find lesser sanctions are not futile and again extend the dispositive motions deadline. *Snively v. Peak Pressure Control*, No. MO:15-CV-134-DC, 2018 WL 4169331, at *5 (W.D. Tex. Feb. 16, 2018). The undersigned recognizes

6 / 8

this would mean Shafer was able to select more representative plaintiffs and conduct more depositions than originally ordered in the Representative Discovery Plan but finds it would be an appropriate result due to Albee and Totten's non-compliance.

In short, there is clear record of delay and contumacious conduct by both Albee and Totten and lesser sanctions are not appropriate. Plaintiffs' counsel indicated they have repeatedly attempted to contact their clients to have them appear for their depositions to no avail. As a result, Shafer was deprived of their first choices and this case was further delayed. Albee and Totten are not entitled to unfairly control discovery by refusing to participate in their depositions thereby forcing the selection of replacement representative plaintiffs. While these replacement representative plaintiffs have now been selected and deposed, this does not excuse Albee and Totten from willfully ignoring this Court's discovery order and multiple noticed depositions.

### IV.   CONCLUSION

Therefore, the undersigned **RECOMMENDS** Shafer's Motion to Dismiss be **GRANTED** and Albee and Totten's claims be **DISMISSED with prejudice**. (D.E. 197).

ORDERED this 4th day of August, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).